Submitted December 19, 2008, affirmed February 18, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CECIL JEROME HATCHETT,
aka Cecil Jerome Hatchett, II,
*Defendant-Appellant.*

Multnomah County Circuit Court
050331407; A129890

202 P3d 287

Harrison Latto filed the brief for appellant.

Cecil Jerome Hatchett filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

After a trial to the court, defendant was convicted of coercion, fourth-degree assault, and menacing. On appeal, defendant challenges his convictions and his sentences. We affirm defendant's convictions without discussion and write only to address defendant's assignment of error concerning his sentences.

At sentencing, the state requested that the court impose consecutive sentences as to each of the three convictions, pursuant to ORS 137.123(5).[1] The trial court did so, over defendant's objection that the imposition of consecutive sentences under that statute would require the court to make "factual findings that are not made at trial, that are not pled and proved beyond a reasonable doubt[,]" in violation of the principles enunciated in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). On appeal, defendant reprises his argument that the trial court's factual findings under ORS 137.123(5) violated the rule of *Apprendi/Blakely*. In *Oregon v. Ice*, 555 US ___ , 129 S Ct 711, 172 L Ed 2d 517 (2009), the United States Supreme Court held that the rule of *Apprendi/Blakely* does not extend to the imposition of consecutive sentences under ORS 137.123(5), and that the Sixth Amendment does not preclude judges from making certain factual determinations under that statute before imposing consecutive sentences. Accordingly, we reject defendant's assignment of error concerning his sentences.

Affirmed.

---

[1] ORS 137.123(5) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."